IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. C 13-0116 SI |
|     Plaintiff, | **ORDER REMANDING CASE TO SUPERIOR COURT FOR COUNTY OF CONTRA COSTA** |
| v. | |
| KENNETH HOFFMAN and DIANE HOFFMAN, | |
|     Defendants.        / | |

This case stems from an action for unlawful detainer under California law. Plaintiff Wells Fargo purchased the property located at 1274 Lawrence Road, Danville, California 94506, at a trustee's sale on July 30, 2012. On August 30, 2012, Wells Fargo served a Notice to Vacate on defendants. When defendants failed to vacate the property, Wells Fargo filed an action for unlawful detainer in Contra Costa County Superior Court on September 5, 2012. *Pro se* defendants removed the action to this Court on January 9, 2013.

The district court has an ongoing and "independent duty to ensure its own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). Here, the removing defendants have failed to establish any basis for federal jurisdiction. Accordingly, for the reasons set forth below, the Court REMANDS this action to the Contra Costa County Superior Court.

**LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court. 28 U.S.C. § 1441(a).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A district court has diversity jurisdiction where the matter in controversy exceeds the sum of $75,000, and is between, *inter alia*, citizens of different States, or citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332.

Remand to state court may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. *See* 28 U.S.C. § 1447c). The court may remand *sua sponte* or on motion of a party, and the parties who invoked the federal court's removal jurisdiction have the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921)).

**DISCUSSION**

Defendants' Notice of Removal appears to assert that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1443 and/or 42 U.S.C. § 1983. In particular, defendants urge that this Court has federal question jurisdiction because of some fraud or conspiracy in the underlying foreclosure that violated defendants' rights under the "First, Fifth, Ninth and Fourteenth Amendments" to the U.S. Constitution. Notice of Rem., Dkt. 1 at 10. Defendants also urge that there is a federal question because the "elderly" are denied equal access to the courts – here, the Contra Costa County Courts – because the "contracts or notices" relevant to this case are not in large print or "Braille texts." *Id*. at 9-10. Finally, defendants assert that a federal question exists because there is a dispute over whether plaintiff has legal standing to claim ownership in the property at issue. *Id.* at 4.

The Court disagrees. First, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332. An action is not removable on the basis of diversity of citizenship if the defendant is a citizen of the state in which the action was brought. *See* 28 U.S.C. § 1441(a), (b). Here, defendants are

residents of California. Compl. ¶ 2.

Second, the Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because the case does not arise from federal law. Removal jurisdiction is subject to the well-pleaded complaint rule, meaning that the basis for removal jurisdiction must be evident from the complaint. *See Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for So. California*, 463 U.S. 1, 9-12 (1983) (discussing well-pleaded complaint rule). From the face of the complaint, this Court lacks jurisdiction because there are no federal claims alleged in the unlawful detainer complaint arising solely under California law. Although defendants' various challenges to the legality of the underlying foreclosure are not well-articulated, to the extent those challenges would rely on federal law, it is well-established that a defense that raises a federal question is inadequate to confer federal jurisdiction. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Moreover, to the extent defendants argue that there is subject matter jurisdiction because their Constitutional rights have been violated, nowhere present in the complaint is there any allegation that Wells Fargo was a state actor or official acting under color of law. The Contra Costa County Court and the Sheriff's Department – against whom defendants direct many of their allegations (Notice of Rem. at 9-10) – are not parties to this case and were not parties to the underlying foreclosure, which was non-judicial. *See* Compl. ¶ 6.

Accordingly, this Court lacks subject matter jurisdiction and therefore *sua sponte* REMANDS this action to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: April 24, 2013

SUSAN ILLSTON
United States District Judge